946 F.2d 900
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Olin AUSTIN, Plaintiff-Appellant,
v.
UNITED STATES of America, Robert Nutting, Group Supervisor
of the Albuquerque Office of the Drug Enforcement
Administration (DEA), Steven N. Bissegger, Samuel Herrera,
Thomas E. Morales, Ruben S. Prieto, Richard Rottinger,
Special Special Agents for the DEA, Doroteo R. Baca, United
States Marshal for New Mexico, Phil Howard, Deputy U.S.
Marshal, Mike Hanrahan, Director of BCDC, Defendants-Appellees,
and
BERNALILLO COUNTY BOARD OF COMMISSIONERS, and City of
Albuquerque, d/b/a Bernalillo County Detention
Center (BCDC), Defendants.
 No. 91-2081.
 United States Court of Appeals, Tenth Circuit.
 Oct. 8, 1991.
 
 Before ANDERSON, TACHA, and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Austin commenced a Bivens suit against four Drug Enforcement Agents[1] alleging they had violated his constitutional rights by falsely arresting, maliciously prosecuting and falsely imprisoning him. These defendants moved for summary judgment which the trial court granted. Mr. Austin appeals this grant of summary judgment.
 
 
 3
 We quote the following background material from the trial court's Memorandum Opinion and Order:
 
 
 4
 The factual background of this action is as follows. On March 28, 1983, a plane carrying marijuana was seized after landing on plaintiff's ranch. Law enforcement officers arrested persons allegedly involved with unloading the marijuana. Plaintiff was interviewed and questioned over the next year by DEA agents. On July 10, 1984, a federal grand jury indicted the plaintiff for distribution of and conspiracy to distribute marijuana. Pursuant to the indictment, plaintiff was arrested, tried, convicted of conspiracy, and sentenced to fifteen years imprisonment. Plaintiff was incarcerated for approximately eight months from the conviction through the pendency of his appeal. The Tenth Circuit Court of Appeals reversed the trial court's conviction finding the trial record lacking in evidence that would support plaintiff's conviction. United States v. Austin, 786 F.2d 986 (10th Cir.1986). After the reversal, plaintiff filed this civil action.
 
 
 5
 Defendants filed their motion for summary judgment and supported it with various evidentiary exhibits. Mr. Austin filed a response and later a supplemental response to the motion, neither of which presented any evidentiary materials.
 
 
 6
 The district court, in granting defendants' motion for summary judgment, concluded that defendants had met their burden of demonstrating the absence of a genuine issue of material fact and found that Mr. Austin had failed to set forth by affidavit or otherwise any specific facts showing there to be a genuine issue of material fact.
 
 
 7
 On appeal to this court, Mr. Austin argues that defendants' evidentiary submissions "did not refute [specified] paragraphs from Plaintiff's complaint," and therefore a genuine issue of material fact exists.
 
 
 8
 It is fundamental and basic law that when a motion for summary judgment is made and properly supported in accordance with Fed.R.Civ.P. 56, the party opposing the motion may not rest upon the mere allegations of his pleadings, but rather must set forth specific facts through affidavits or otherwise showing there exists a genuine issue of fact for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Mr. Austin failed to take the necessary action in opposing defendants' motion for summary judgment; therefore, defendants are entitled to judgment as a matter of law.
 
 
 9
 The judgment of the district court is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The suit also included as Defendants certain city and county employees and United States Marshals. Mr. Austin has not appealed the order dismissing the civil action against these defendants